**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Marcolyn Karpan,** | ) | **CASE NO. 1:14 CV 2227** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R")(Doc. 20) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

## FACTS

The facts and medical evidence are aptly set forth in the R&R and need not be repeated herein.

1

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
>
> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

1. Carpal tunnel Syndrome ("CTS")

Plaintiff objects to the R&R on the grounds that the ALJ improperly assessed plaintiff's CTS. According to plaintiff, the ALJ erred in determining that plaintiff's CTS is not a severe impairment at step two. Plaintiff claims that the ALJ further erred by limiting the weight assigned to the opinion of the testifying medical expert.

Upon review, the Court finds that plaintiff's objection is not well-taken. Here, the ALJ did not find plaintiff's CTS to constitute a severe impairment at step two of the disability analysis. The ALJ did, however, find other impairments to be severe. Thus, provided the ALJ considers any non-severe impairments in evaluating plaintiff's residual functional capacity ("RFC"), the error is harmless. *See, Fisk v. Astrue*, 253 Fed. Appx. 580 (6th Cir. 2007). Here,

the ALJ engaged in a thorough analysis of plaintiff's CTS in connection with a determination of plaintiff's RFC.

Plaintiff argues that the ALJ erred in assigning limited weight to the opinion of Dr. Schweid, the testifying medical expert.  At the hearing on this matter, Dr. Schweid testified that the medical record disclosed CTS and that as a result, plaintiff was limited to "no rapid, repetitive movements of her right hand, occasional fingering and feeling on the right."  The Court disagrees.  The ALJ carefully and thoroughly addressed this opinion testimony.  The ALJ assigned it limited weight because it was contrary to the record as a whole.  The ALJ noted that these limitations are inconsistent with the electromyogram and nerve conduction studies performed.  In addition, the ALJ noted the repeated instances in which plaintiff presented with "intact motor and sensory function in both upper extremities" and "normal deep tendon reflexes in both upper extremities."  The Court further notes that no treating physician opined that plaintiff's CTS resulted in any limitation, nor did plaintiff receive treatment for CTS.  On the whole, the Court cannot say that the ALJ erred in assigning limited weight to the opinion of the medical expert.  Because the ALJ addressed plaintiff's CTS in determining her RFC and because the ALJ gave good reasons for the limited weight assigned to the medical expert's opinion, the Court rejects plaintiff's argument.

2. Mental residual functional capacity ("MRFC")

In her second objection, plaintiff argues that the ALJ erred in assessing plaintiff's MRFC. Although couching her argument in terms of plaintiff's MRFC, the objection is in reality directed at whether the hypothetical posed to vocational expert takes into account the limitations the ALJ acknowledged in assessing plaintiff's MRFC.  Plaintiff claims that, although the ALJ

found her limited to "routine, low-stress work," the hypothetical posed to the vocational expert does not contain such a restriction.  In addition, plaintiff challenges the social restriction adopted by the ALJ.  According to plaintiff, the ALJ erred in limiting plaintiff from "intense personal interactions," when the record evidence shows a more significant limitation.

Upon review, the Court finds that objections are not well-taken because plaintiff failed to raise either argument before the Magistrate Judge.  The Sixth Circuit has held that "[t]he Magistrate Judge Act, 28 U.S.C. § 631 *et seq*...does not allow parties to raise at the district court stage new arguments or issues." *Murr v. United States*, 200 F.3d 895, 902, n1 (6th Cir. 2000); *See also, Crump v. Commissioner of Social Security*, 2014 WL 861221 (6th Cir. March 3, 2104).  Issues and arguments not presented to the Magistrate Judge are deemed waived. *Murr*, 200 F.3d at 902, n.1.

Before the Magistrate Judge, plaintiff argued that the ALJ erred in assessing plaintiff's MRFC because the limitations were based on physical impairments not mental impairments.  Plaintiff also argued that the ALJ's limitation to "routine, low-stress work without intense interpersonal interactions (i.e., work that does not involve arbitration, confrontation, negotiation, supervision of others...or high or strict production quotas)" does not adequately account for the ALJ's finding that plaintiff is moderately limited in concentration, persistence, and pace.  Nowhere did plaintiff argue that, although the MRFC included a limitation to "routine" tasks, the hypothetical posed to the ALJ failed to account for this limitation.  Nor did plaintiff argue to the Magistrate Judge that the ALJ's limitation on "intense personal interactions" does not adequately address the medical evidence which limits plaintiff to "occasional social contact."  Because plaintiff, who was represented by counsel, presented neither argument to the Magistrate Judge,

the arguments are waived and the objection is not well-taken.[1]

**CONCLUSION**

Having considered the Objections and upon review this Court agrees with the determinations of the Magistrate Judge and, therefore, his findings are hereby incorporated by reference as set forth herein.  The Report and Recommendation is ACCEPTED. The final decision of the Commissioner of Social Security denying plaintiff's application for benefits is AFFIRMED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/6/15

---

[1] The Court notes that the government's response to plaintiff's Objections indicates that the objections are "largely identical" to the issues raised in plaintiff's brief before the Magistrate Judge. This response is routinely filed by the government in response to a plaintiff's Objections.  Regardless, the Court disagrees with the government that these issues were presented to the Magistrate Judge.